IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


THOMAS KENYON,                                CV. 10-1528 RE

        Plaintiff,                        **OPINION AND ORDER**

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.


**REDDEN**, Judge:

Plaintiff Thomas Kenyon ("Kenyon"), brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB"). For the reasons set forth below, the decision of the Commissioner is affirmed and this matter is dismissed.

/ / /

1 - OPINION AND ORDER

## BACKGROUND

Born in 1952, Kenyon has worked as a grocery store owner. In September 2003, Kenyon filed an application for disability insurance benefits alleging disability since May 1, 2001, due to fibromyalgia, depression, and migraines. His application was denied initially and upon reconsideration. A hearing was held before Administrative Law Judge ("ALJ") Madden. In a decision dated June 26, 2006, the ALJ found Kenyon not disabled.

Kenyon appealed, and on May 1, 2009, Judge Haggerty of this court addressed multiple assignments of error and remanded the matter to the agency for further proceedings. Tr. 597-615. On November 23, 2009, after a second hearing, the ALJ again found Kenyon not disabled. The Appeals Council declined to assume jurisdiction, making the ALJ's decision the final decision of the Commissioner. Kenyon now seeks judicial review of the Commissioner's decision.

## ALJ's DECISION

The ALJ found Kenyon had medically determinable severe impairments of fibromyalgia, depression, and migraines.

The ALJ determined that Kenyon retained the residual functional capacity:

> to understand, remember, and carry out simple 1-2 step instructions at a light exertional level, with occasional postural limitations; including occasionally lifting and/or carrying up to 20 pounds; frequently lifting and/or carrying up to 10 pounds; standing and/or walking up to 6 hours in an 8-hour workday; sitting up to 6 hours in an 8-hour workday; and engaging in unlimited pushing and pulling to the extent he can lift and carry; the claimant also has occasional postural limitations regarding stooping, kneeling, crouching, crawling, and climbing ladders, ropes, or scaffolds; he also has frequent postural limitations regarding balancing and climbing ramps or stairs, and should avoid direct contact with the general public.

Tr. 589-90.

The ALJ found that, considering the claimant's age, education, work experience, and residual functional capacity, there were significant numbers of jobs that he could perform, citing those identified by the vocational expert, including laminating machine operator, office helper, and bindery machine operator.

The medical records accurately set out Kenyon's medical history as it relates to his claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Kenyon contends that the ALJ erred because the jobs indicated by the vocational expert require "level two" reasoning, and that this is inconsistent with the ALJ's RFC which limited Kenyon to "simple 1-2 step instructions." Tr. 589-90.

The indicated components of the *Dictionary of Occupational Titles ("DOT")* are "definitional trailers" accompanying each entry in the *DOT*. They outline a one to six scale corresponding to reasoning levels required for a particular job. *DOT* App'x C (4th ed. 1991 (*available at* 1991 WL 688702). The *DOT* defines "level two reasoning" as : "Apply commonsense understanding to carry out detailed but uninvolved written or oral *instructions*. Deal with problems involving a few concrete variables in or from standardized situations." *Id.* (emphasis added). This language addresses "instructions," is limited to problems involving "few concrete variables," and is thus logically consistent with an ability to carry out simple "tasks." *See Abew v. Astrue,* 303 Fed. Appx. 567 (9th Cir. 2008)(unreported)(finding "simple" tasks

3 - OPINION AND ORDER

consistent with level-two reasoning).[1] Further, this court has specifically found that a claimant limited to simple, routine tasks may perform level-two reasoning. *Koch v. Astrue* (available at 2009 WL 1743680 at *17) (D. Or. June 15, 2009); *see also Tracer v. Astrue*, 2011 WL 2710271 at *17 (D. Or. July 12, 2011). Kenyon's assertion that the vocational expert's testimony impermissibly deviated from the *DOT* regarding level two reasoning therefore fails.

## CONCLUSION

For these reasons, the ALJ's decision that Kenyon was not disabled prior to May 1, 2001, is based on correct legal standards and supported by substantial evidence. The decision of the Commissioner is affirmed and this case is dismissed.

IT IS SO ORDERED.

Dated this 23 day of January, 2012.

_____
JAMES A. REDDEN
United States District Judge

---

[1] Citetd in accordance with 9th Cir. R. 36-3, which allows citations to unpublished cases promulgated after 2007. 9th Cir. R. 36-3. The Ninth Circuit reached a similar conclusion in *Temple v. Callahan,* 114 F.3d 1195 (9th Cir. 1997)(unreported), but that case cannot control under Cir. R. 36-3.